UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
ROCHESTER DIVISION

CAYLA DENNING,

                          Plaintiff,                        Index No. 6:21-cv-06158-EAW

      v.

ROCHESTER INSTITUTE OF TECHNOLOGY,
DAVID C. MUNSON, MARK OLLES, S. MANIAN
RAMKUMAR, and STACY DEROOY,

                          Defendants.


**REPLY MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT ROCHESTER INTITUTE OF TECHNOLOGY, MUNSON,
RAMKUMAR, AND DEROOY'S
MOTION TO DISMISS**


BOND, SCHOENECK, & KING, PLLC
*Attorneys for Defendants Rochester Institute of Technology, David C. Munson, S. Manian Ramkumar, and Stacy Derooy*
Jennifer M. Schwartzott, Esq.
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone: (585) 362-4700
Fax: (585) 362-4701
Email: jschwartzott@bsk.com

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................ 1

I.  **Count I of Plaintiff's Complaint Fails to Articulate a Lawful Cause of Action for Violating Title IX, and Her Contention Otherwise in the Opposition Is Not Persuasive**……………………………………………………………………….2

    A.  **Plaintiff's Assertion that Paragraphs 35 and 36 of Her Complaint Meet Her Burden o Establishing "Actual Knowledge" Fails**…………………………….4

    B.  **In an Effort to Meet the Deliberate Indifference Standard, Plaintiff Falsely Claims Defendant RIT Did Not Respond to her Discrimination Claim, Which Is Not Consistent with the Allegations in the Complaint**……..………..……….6

II. **Counts II and IV of Plaintiff's Complaint Fail to Articulate Lawful Causes of Actions for Violating the New York Human Rights Law, and Her Contention Otherwise in the Opposition Is Not Persuasive**…………………………………7

**CONCLUSION** ........................................................................................................... 10

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page(s)**

*Alfano v. Costello*, 294 F.3d 365 (2d Cir. 2002)……………………………………………7

*Bennett v. Progressive Corp.*, 225 F.Supp.2d 190 (N.D.N.Y 2002)…………………………..8

*Caputo v Copiague*, 218 F.Supp.3d 186 (E.D.N.Y. 2016)………………………………….2

*Carabello v. New York City Dept. of Educ.*, 928 F.Supp.2d 627 (E.D.N.Y. 2013)…………4

*Curto v. Edmundson*, 392 F.3d 502 (2d Cir. 2004)……………………………………………4

*Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629 (1999) ………………………………7

*Doe v Bloomberg*, LP, 36 N.Y.3d 450 (N.Y. 2021)……………………………………………8

*Doe v Norwalk Community College,* 2007 WL 2066496 (D. Conn. 2007)………………….5-6

*Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274 (1989)………………………2-7

*KF ex rel. CF v. Monroe Woodbury Cent. Sch. Dist.*, 531 F. App'x 132 (2d Cir. 2013)…….7

*Roskin-Frazee v Columbia Univ.*, 474 F.Supp.3d 618, 624 (S.D.N.Y. 2019)……………..3, 5, 6-7

*Totem Taxi v New York State Human Rights Appeal Bord*, 65 N.Y. 2d 300 (N.Y. 1985)……8

**Statutes**

New York State Human Rights Law……………………………………………………1-2, 7-9

Title IX…………………………………………………………………………………………..1-7

## PRELIMINARY STATEMENT

This Reply Memorandum of Law is submitted in further support of Defendants Rochester Institute of Technology ("RIT"), David C. Munson, S. Manian Ramkumar, and Stacy Derooy's (collectively "Defendants") Motion to Dismiss Plaintiff's Verified Complaint, pursuant to FRCP 12(b)(6), and in response to Plaintiff's Memorandum of Law in Opposition to that motion ("the Opposition"). In the Opposition, Plaintiff acknowledges the defectiveness of Counts I (against RIT for violating the Dignity for All Students Act), II, III, V, and IX in her Complaint, and indicates her assent to the Court dismissing same (*see* Opp. at p. 15 "Plaintiff does concede and withdraw [sic] the following Counts in her Complaint: Count I against RIT for violation of NY EDN § 12; Count II solely as against Defendants Munson, Derooy and Ramkumar; Count III Retaliation against all Defendants; Count V Negligence, Negligent Hiring, Training, Retention and Supervision; and Count IX – Vicarious Liability"). As such, Defendants respectfully request the Court do just that, and dismiss those claims with prejudice.

As it relates to the remaining counts – Count I against RIT for violating Title IX, Count II against RIT for violating the New York State Human Rights Law ("NYSHRL") and Count IV against all Defendants for violating NYSHRL, perplexingly, in the Opposition, Plaintiff both contends those claims were properly pled **and** asks the Court to allow her to amend her Complaint as it relates to those claims. Obviously, Plaintiff cannot have it both ways. In terms of the Plaintiff's contentions in the Opposition that she properly pled a Title IX claim against RIT and violations of the NYSHRL against all of the Defendants, her argument is not persuasive. As it relates to her request to amend the Complaint, as this Court well knows, a motion to amend a pleading is governed by Federal Rule of Civil Procedure 15, and the process outlined in that rule

and this Court's local rule was not followed here.[1]  Namely, Plaintiff failed to attach the proposed amended pleading, making it impossible to know what amendments she is seeking to make.

In sum, the Court should dismiss all of the Counts against Defendants.  Plaintiff has conceded Count I against RIT for violating NY EDN § 12; Count II against Defendants Munson, Derooy and Ramkumar; Count III against all Defendants; Count V against all Defendants for Negligence, Negligent Hiring, Training, Retention and Supervision; and Count IX against all Defendants for Vicarious Liability were improper, and have no merit; and the arguments she makes as it relates to Count I against RIT for violating Title IX, Count II against RIT for violating the NYSHRL, and Count IV against all Defendants for violating NYSHRL are not convincing.

## ARGUMENT

### I. Count I of Plaintiff's Complaint Fails to Articulate a Lawful Cause of Action for Violating Title IX, and Her Contention Otherwise in the Opposition Is Not Persuasive.

Whether intentional or inadvertent, Plaintiff's contentions in the Opposition about her Title IX claim are confusing at best.  According to her Complaint, Plaintiff seemingly attempts to articulate a private right of action against Defendant RIT to obtain monetary damages for Defendant Professor Olles' harassment of her when she was a student at the college.  In 1998, the United States Supreme Court recognized that a private right of action under Title IX does exist, but only where the educational institution at issue has actual knowledge of the harassment and was deliberately indifferent in its response to same.  *See Gebser v. Lago Vista Independent School*

---

[1] Pursuant to the Court's Order of July 30, 2021 (Doc. No. 18), Defendants will respond to Plaintiff's motion to amend her complaint separately.  In that opposition, Defendants will argue it would be futile for the Court to allow Plaintiff to amend her complaint because she cannot survive a motion to dismiss Counts I, II and IV even if the allegations are assumed to be true.  *See Caputo v. Copiague*, 218 F.Supp.3d 186, 191 (E.D.N.Y. 2016) (granting motion to dismiss and denying cross-motion to amend complaint).

*Dist.*, 524 U.S. 274, 290-291 (1989).  Consequently, to survive a motion to dismiss, Plaintiff has an obligation to establish her allegations, if true, would lead to the conclusion that Defendant RIT had actual knowledge of Professor Olles' alleged harassment of her and effectively did not do anything about it.  *See Gebser*, 524 U.S. at 291 (finding the allegations at issue were insufficient to meet the "actual knowledge" standard); *see also Roskin-Frazee v Columbia Univ.*, 474 F.Supp.3d 618, 624 (S.D.N.Y. 2019) ("[o]n a motion to dismiss, courts may determine, as a matter of law, where the response alleged was not clearly unreasonable and whether the university is alleged to have had actual knowledge of the alleged harassment").

In her Opposition, Plaintiff conflates Defendant RIT's proper and thorough investigation of her complaint about Professor Olles, and wrongly attempts to use it to support her Title IX claim.   There is no dispute Defendant RIT determined, as a result of its investigation, Professor Olles "engaged in multiple incidents of inappropriate and unwelcomed conduct" that "interfered with [her] educational experience."  *See* Exhibit A to Plaintiff's Complaint.  But, that conduct on its own is not actionable under Title IX.  Title IX, unlike Title VII, is not a harassment statute, and, in fact, in determining if a private right of action exists under Title IX, the Supreme Court specifically concluded "it would 'frustrate the purpose' of Title IX to permit a damages recovery against a school district for a teacher's sexual harassment of a student based on principles of respondent superior or constructive notice." *Gebser*, 524 U.S. at 285.  The purpose of Title IX is to avoid using federal resources to support discriminatory practices and provide citizens protections against those practices.  *See Gebser*, 524 U.S. at 286.

As such, to hold Defendant RIT accountable under Title IX, as the Supreme Court held in *Gebser* and the cases that have followed explain, Plaintiff has to demonstrate RIT had actual knowledge of Professor Olles' alleged discriminatory conduct and acted deliberately indifferent

3

despite knowing same. *See Gebser*, 524 U.S. at 291. Plaintiff cannot and has not met that burden here. Specifically, none of Plaintiff's allegations, even if true, establish Defendant RIT had actual knowledge of Professor Olles' conduct before she made her complaint in December 2019. Plaintiff cannot, as she attempts to do in her Opposition, use the existence of the investigation or its ultimate findings about Professor Olles that became known after she made the complaint in December 2019 to meet that burden.

### A. Plaintiff's Assertion that Paragraphs 35 and 36 of Her Complaint Meet Her Burden on Establishing "Actual Knowledge" Fails.

In the Opposition, Plaintiff claims Paragraphs 35 and 36 meet her burden of alleging RIT had actual knowledge of Professor Olles' alleged conduct before she filed her complaint against him in December 2019. A review of those allegations, however, confirms this is not the case. *See Carabello v. New York City Dept. of Educ.*, 928 F.Supp.2d 627, 638 (E.D.N.Y. 2013) (explaining, in the context of Title IX, "actual knowledge" means "a school official with authority to address [] alleged discrimination" must know of the discrimination). In those paragraphs, Plaintiff merely states she "reported" discriminatory behavior by non-specific "*male students and male professors*" in a "Women in Technology Meeting." She does not identify who participated in that meeting or whether any of those individuals had authority to act on her complaints, what she allegedly "reported," or even when the meeting took place.[2] Indeed, by the express language of her own allegations, Plaintiff did not even complain specifically about Professor Olles – she complained about unknown "male students and male professors." Consequently, there can be no question that

---

[2] Notably, in her Opposition, Plaintiff indicates the "Women in Technology Meeting" took place in 2017 (*see* Opp. at p. 10), but that information is not contained in the Complaint. And, even if the meeting did occur in 2017, that is beyond the relevant statute of limitations. *See Curto v. Edmundson*, 392 F.3d 502, 504 (2d Cir. 2004) (holding that, in New York, three-year statute of limitations applies to student's Title IX claim).

4

these allegations are absolutely insufficient as a matter of law to establish RIT had actual knowledge of Professor Olles' alleged harassment of her before it initiated its investigation in December 2019.  *See Gebser*, 524 U.S. at 291 (finding the allegations at issue were insufficient to meet the "actual knowledge" standard); *see also Roskin-Frazee*, 474 F.Supp.3d at 624 ("[o]n a motion to dismiss, courts may determine, as a matter of law, where the response alleged was not clearly unreasonable and whether the university is alleged to have had actual knowledge of the alleged harassment").

The Southern District's discussion of the actual knowledge requirement in the context of a Title IX claim against a university based on deliberate indifference in *Roskin-Frazee* is instructive here.  In that case, the court considered what was necessary to constitute "actual knowledge" of an alleged sexual assault that occurred (which is not alleged in this case), and determined the student's insinuation to her academic advisor that a sexual assault had occurred and a reference to a "recent sexual assault" to her creative writing professor was not even enough to meet the standard. *See Roskin-Frazee*, 474 F.Supp.3d at 626.  The court explained that to constitute "actual knowledge" the student would need to provide specific details about the assault, including the time and location of the assault, as well as who perpetrated the assault.  *See id.*.  Plaintiff's allegations in Paragraphs 35 and 36 are not even close to being that specific.

Plaintiff's contention that the Connecticut District Court's decision in *Doe v Norwalk Community College,* 2007 WL 2066496 (D. Conn. 2007) dictates a different result is not accurate. In addition to being an unreported, non-binding decision on a procedurally distinct issue (i.e., summary judgment), the court's discussion of the actual knowledge requirement is not helpful to Plaintiff's position here.  In *Norwalk Community College*, the plaintiff alleged she provided the following details about her encounter with one of the college's professors to another professor:  a

specific professor put his hand on her knee without permission; that specific professor called her at home, uninvited; the specific professor indicated a willingness to date in exchange for better grades; and the specific professor made her feel uncomfortable. *See Norwalk Comm. Coll.*, * 3. Additionally, in the context of the summary judgment motion, the question the court was called on to determine was whether those allegations were true – faced with that, the court decided there was a genuine issue of fact in dispute. *See id.* Here, of course, that is not the Court's role – the Court must take the facts as true.

Surely, if there were facts that demonstrate Defendant RIT had "actual knowledge" of Professor Olles' conduct before Plaintiff complained in December 2019, Plaintiff would have included them in her original complaint (or in response to Defendant's motion to dismiss). Instead, Plaintiff is sticking to the vague, legally deficit allegations in Paragraphs 35 and 36, and claiming they are enough. *See* Opp. at pp. 10-11. There is nothing Plaintiff can resurrect in an amended complaint to cure this, and Plaintiff's claim against Defendant RIT for violating Title IX must be dismissed. *See Gebser*, 524 U.S. at 291; *see also Roskin-Frazee*, 474 F.Supp.3d at 624.

**B.   In an Effort to Meet the Deliberate Indifference Standard, Plaintiff Falsely Claims Defendant RIT Did Not Respond to her Discrimination Claim, Which Is Not Consistent with the Allegations in the Complaint.**

In her Opposition, Plaintiff also oddly states "not a single step was taken by RIT to correct the abuse" (Opp. at p. 11). Given that she attaches RIT's letter to her about its findings in the investigation as Exhibit A to her Opposition, this contention is illogical. As discussed above, Plaintiff's Complaint contains no allegations that, if true, establish RIT had actual knowledge of Professor Olles' alleged conducted until December 2019. By her own admission, upon learning of the alleged conduct in December 2019, RIT responded by conducting a complete and thorough investigation. *See* Complaint at ¶¶ 68-70.

There are no allegations in the Complaint that, if true, demonstrate RIT was deliberately indifferent to Professor Olles' conduct once it became aware of it. As such, Plaintiff cannot sustain a claim under Title IX, and her claim should be dismissed as a matter of law. *See Gebser*, 524 at 290 (adopting the "deliberate indifference" standard); *see also Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 649 (1999) (holding when courts consider a pre-Answer motion to dismiss a Title IX claim, they may determine, as a matter of law, whether the aggrieved party has alleged that the defendant's response was clearly unreasonable as that term is defined by law); *KF ex rel. CF v. Monroe Woodbury Cent. Sch. Dist.*, 531 F. App'x 132, 134 (2d Cir. 2013) (affirming the district court's decision granting defendant school district's motion to dismiss on the grounds that the allegations in the complaint, even if accepted as true, failed to demonstrate deliberate indifference by defendant, as required for the plaintiffs to prevail under Title IX).

## II. Counts II and IV of Plaintiff's Complaint Fail to Articulate Lawful Causes of Actions for Violating the New York Human Rights Law, and Her Contention Otherwise in the Opposition Is Not Persuasive.

In the Opposition, Plaintiff claims Counts II (against Defendant RIT) and IV (against all Defendants) for violating the NYSHRL were properly pled. To support that position, Plaintiff again mixes the facts. NYSHRL is an employment statute that guards against employment discrimination. As such, to articulate a cognizable claim, Plaintiff must allege facts that, if true, establish she was subjected to an adverse ***employment action***, not that Professor Olles' conduct impacted her education, as Plaintiff seems to believe. *See* Opp. at p. 14. Plaintiff's Complaint contains no allegations that she sustained an adverse employment action as result of her gender, and, as such, her NYSHRL-based claims must be dismissed. *See Alfano v. Costello*, 294 F.3d 365, 375 (2d Cir. 2002) (explaining, in an employment discrimination action, the victim must establish

"she was singled out for mistreatment because of her sex…[meaning] similarly situated people of the other sex were treated more favorably").

Moreover, in the Opposition, Plaintiff attempts to undermine Defendants' argument and sound case law set forth in its underlying Memorandum of Law by asserting liability against an employer under the NYSHRL is indicated when "the employer had knowledge of or acquiesced in the discriminatory conduct," and cites *Totem Taxi v New York State Human Rights Appeal Bord*, 65 N.Y. 2d 300, 304-305 (N.Y. 1985) for that proposition. That is not, however, the applicable standard for employer liability arising under the New York Human Rights Law or the correct holding in *Totem Taxi*. As recently as February 2021, the New York State Court of Appeals confirmed the holding of *Totem Taxi* that liability under the NYSHRL does not exist "unless the employer became a party to it by encouraging, condoning, or approving it." *Doe v Bloomberg, LP*, 36 N.Y.3d 450, 455 (N.Y. 2021) (reiterating the holding of *Totem Taxi* and confirming Defendants' representation of the legal standard in its underlying Memorandum of Law is correct).

Meaning, even if Plaintiff properly alleged she sustained an adverse employment action because of her gender (thereby making NYSHRL applicable), Defendant RIT cannot be held liable for the alleged discriminatory or harassing conduct by Defendant Olles unless Plaintiff establishes RIT encouraged, condoned, or approved of the conduct. *See Bloomberg, LP*, 36 N.Y.3d at 455. There are no allegations in her Complaint that could, if true, satisfy that burden. Additionally, an "employer may disprove condonation by showing that it reasonably investigated the complaint of unlawful harassment and took corrective action," which is exactly what RIT did here, by Plaintiff's own admission. *Bennett v. Progressive Corp.*, 225 F.Supp.2d 190, 210 (N.D.N.Y 2002) (citations omitted). As discussed above, there is absolutely no dispute RIT promptly commenced a thorough and complete investigation upon learning of the alleged conduct of Defendant Olles in her

8

December 2019 complaint, and that resulted in the report she attached to her Complaint and to the Opposition as Exhibit A.

Plaintiff's attempt to rely on her vague complaint at the Women in Technology meeting in 2017 set forth in Paragraphs 35 and 36 completely fails as it relates to her NYSHRL-based claims. For one, Plaintiff was solely a student at the time of the Women in Technology meeting – not an employee.  So even if she had made a detailed report about what she was experiencing (which even according to her own Complaint she did not), those statements would be completely irrelevant to her allegations of employment discrimination.  Two, she did not complain about any adverse employment actions that had been taken or that she suspected had been taken against her because of her gender at that meeting.  Three, according to the express language of her own Complaint, at the meeting in 2017, Plaintiff apprised the attendees that non-specific male students and male professors had engaged in discriminatory conduct, and that is it.

In her Opposition, Plaintiff claims Senior Associate Dean, Linda Tolan was present during the 2017 meeting, and cites to Paragraph 35 of her Complaint to support that contention.  A review of Paragraph 35 of Plaintiff's Complaint, however, makes clear there is no reference to Dean Tolan (or any other specific faculty member).  Obviously, this is an inappropriate means of attempting to add new facts to support her allegations.  That said, this additional fact, even if true, does not change the analysis as it relates to her NYSHRL-based claims because she was not an employee at the time of the meeting, and there is no contention Dean Tolan was apprised of Professor Olles' conduct (then or at any other time), let alone that she supported, condoned, or encouraged the conduct.

In sum, because Plaintiff failed to plausibly plead she was an employee; that she sustained an adverse employment action  as a result of her gender; that RIT was aware of any discrimination

and harassment in the workplace that adversely impacted her as an employee (before December 2019 when it immediately initiated an investigation); or that RIT or any of the individually named Defendants encouraged, condoned, or approved of any the alleged conduct committed by Defendant Olles as it relates to her employment, Plaintiff's NYSHRL-based claims against Defendant RIT (in Count II) and all Defendants (in Count IV) must be dismissed as a matter of law.

## CONCLUSION

For all of the reasons discussed above, Defendants RIT, Munson, Derooy and Ramkumar respectfully request the Court issue an Order dismissing Plaintiff's Verified Complaint in its entirety, pursuant to FRCP 12(b)(6), together with such other, further and different relief as this Court deems just and proper.

Dated:  August 2, 2021

**BOND, SCHOENECK & KING, PLLC**

By: _____
Jennifer M. Schwartzott, Esq.
*Attorneys for Rochester Institute of Technology, David C. Munson, S. Manian Ramkumar, Stacy Derooy*
350 Linden Oaks, Third Floor
Rochester, New York 14625
Telephone: (585) 362-4700
Fax: (585) 362-4701
jschwartzott@bsk.com